United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) |
| Osmany Rodriguez Diaz, Defendant. | ) )  Criminal Case No. 17-20631-CR-Scola ) ) |
| Ex Rel Property Investment 7722 LLC and Brandon Falcon, Petitioners. | ) ) ) ) |

**<u>Order on Report and Recommendations</u>**

This matter is before the Court on the petition for third-party interest in forfeited property filed by Property Investment 7722 LLC and Brandon Falcon (collectively, the "Petitioners") (Pet., ECF No. 419) and the United States of America's ("Government") motion to dismiss the same (Mot., ECF No. 426). Following a referral by the Court, Magistrate Judge Jonathan Goodman issued a report and recommendations on the petition and the Government's motion to dismiss. (R&R, ECF No. 438.) The Government timely filed limited objections to the report and recommendations. (Obj., ECF No. 442.) After careful consideration of the parties' written submissions, the record, and the relevant legal authorities, the Court **adopts in part and declines to adopt in part** Judge Goodman's report and recommendations (**R&R, ECF No. 438**), thus **granting in part and denying in part** the Government's motion to dismiss (**Mot., ECF No. 426**).

**1. Background**

The Court assumes that parties' familiarity with the factual and procedural background of this case. As relevant here, on February 2, 2018, the Defendant Osmany Rodriguez Diaz pled guilty to conspiracy to commit health care fraud and wire fraud. (ECF Nos. 79, 121.) As part of his guilty plea, the Defendant agreed to the entry of a forfeiture money judgment in the amount of $1,728,508.00 and to forfeit all his property that may be subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7) and the procedures of 21 U.S.C. § 853. (Plea Agreement ¶ 8, ECF No. 119.)

On April 17, 2018, the Court entered a preliminary order of forfeiture, which imposed forfeiture of various bank accounts and other miscellaneous property from the Defendant and, in addition, included the forfeiture money judgment in the amount of $1,728,508.00. (ECF No. 171.) Upon the Government's motion, on August 8, 2022, the Court entered a second preliminary order of forfeiture, pursuant to the forfeiture of substitute property provision in 21 U.S.C. § 853(p), which imposed forfeiture of certain real property located at 21105 S.W. 213 Avenue Road, Miami, FL 33187 ("Real Property"). (ECF No. 416.) The order explained that the forfeiture of the substitute Real Property was being done in satisfaction of the original forfeiture money judgment, of which $1,687,988.09 remained unpaid. (*Id.*)

On November 2, 2022, the Petitioners filed a petition for third-party interest in forfeited property, asserting their ownership interests in the Real Property that was the subject of the Court's second preliminary order of forfeiture. (ECF No. 419.) The Petitioners asserted that they have a legal and equitable right, title, and interest in the Real Property under both 21 U.S.C. § 853(n)(6)(A) and 21 U.S.C. § 853(n)(6)(B). (*Id.* ¶ 2.) In addition, and in the alternative, the petitioners alleged that they have a constructive trust interest in the Real Property. (*Id.*) On April 24, 2023, the Government moved to dismiss the petition, arguing that the Petitioners failed to allege, and could not establish as a matter of law, a superior interest in the Real Property under either §§ 853(n)(6)(A) or § 853(n)(6)(B), that the Petitioners failed to adequately plead a constructive trust, and that Petitioner Falcon lacked standing to pursue his claim. (*See* Mot., ECF No. 426; Reply, ECF No. 431.)

The Court referred the petition for third-party interest and the Government's motion to dismiss the same to Judge Goodman, who issued a report and recommendations. (ECF Nos. 427, 438.) Judge Goodman recommended that the Court grant the Government's motion to dismiss as to Falcon for lack of Article III standing, with leave to file an amended petition; deny the Government's motion to dismiss for failure to allege a superior interest in the Real Property; and deny the Government's motion to dismiss for failure to adequately plead a constructive trust. Critically, Judge Goodman did not recommend that the Court grant the Petitioners' request for a modification to the second preliminary order of forfeiture. Instead, he recommended that the Court authorize an evidentiary or ancillary hearing over which he could preside to properly weigh the merits of the parties' claims to the Real Property.

The Government filed limited objections to Judge Goodman's report and recommendations. The Government concurs with allowing Falcon ten days to attempt to properly plead Article III standing. However, and perhaps unsurprisingly, the Government disagrees with Judge Goodman's

recommendation that its motion to dismiss for failure to adequately allege a superior interest in the Real Property under either §§ 853(n)(6)(A) or § 853(n)(6)(B), and for failure to adequately plead a constructive trust, be denied. In particular, the Government strongly challenges Judge Goodman's conclusion that the *lis pendens* and renewal of *lis pendens* filed by the Government on the substitute Real Property were unauthorized.

For the reasons explained below, the Court adopts in part and declines to adopt in part Judge Goodman's report and recommendations. (R&R, ECF No. 438.)

### 2. Legal Standard

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989)) (cleaned up). The objections must also present "supporting legal authority." L.R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784.

### 3. Analysis

The Court finds Judge Goodman's findings of fact and conclusions of law to be well-reasoned, thorough, cogent, and compelling. With respect to the Government's objections, the Court agrees with Judge Goodman that the Government's motion to dismiss for failure to adequately allege a superior interest in the Real Property under § 853(n)(6)(A) or § 853(n)(6)(B) should be denied, and, in particular, that the *lis pendens* and renewal of *lis pendens* filed by the Government on the substitute Real Property were unauthorized. However, the Court agrees with the Government that the Petitioners failed to adequately plead a constructive trust, and so will dismiss that claim, with leave to amend.

### A. Claims Under 21 U.S.C. § 853(n)(6)(A) and 21 U.S.C. § 853(n)(6)(B)

First, the Government objects that Judge Goodman erred in declining to dismiss the Petitioner's § 853(n)(6)(A) and § 853(n)(6)(B) claims on the basis that the Petitioners failed to provide sufficient facts to adequately allege either claim. The Court is not convinced.

Preliminarily, it is worth noting that the Government failed to raise this particular argument before Judge Goodman. The Government's motion to dismiss argued that the petition should be dismissed for failure to specify whether the Petitioners were proceeding under § 853(n)(6)(A) or § 853(n)(6)(B), that, in any event, the Government's interest in the Real Property was superior to the Petitioner's, and that the Petitioners were on notice of this superior interest. But the Government never specifically argued that the Petition was deficient for failure to adequately allege the Petitioner's interest in the Real Property. (*See generally* Mot., ECF No. 426.) The Government's failure to properly raise this argument before Judge Goodman is important because "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *See Williams v. McNeil,* 557 F.3d 1287, 1292 (11th Cir. 2009). Accordingly, the Court may reject the Government's argument on this ground alone.

Notwithstanding the above, the Court has considered the government's argument and rejects it on the merits. *See United States v. Franklin,* 694 F.3d 1, 6 (11th Cir. 2012) ("A district court does not abuse its discretion by accepting an argument not raised before the magistrate judge.") § 853(n)(3), on which the Government largely relies, specifies that a petition for the court to adjudicate a third-party interest in forfeited property "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). The petition here satisfies these requirements by, for example, alleging that Petitioner Property Investment 7722 LLC has held title to the Real Property since May 25, 2017, that Petitioner Falcon became the managing member and owner of Property Investment 7722 LLC on April 5, 2022, and by attaching the deed evidencing ownership of the Real Property and corporate filings evidencing Falcon's status as Property Investment 7722 LLC's managing member and owner. (*See* Pet., ECF No. 419.) Whether the Petitioners can ultimately prevail on their claims to the Real Property in light of the potential existence of another, superior, interest is a separate determination from whether the Petitioners have alleged enough facts to support their claim.

Accordingly, the Court declines to dismiss the Petitioner's § 853(n)(6) claims on the basis that they have not been properly pled.

### B. Authority for *Lis Pendens* and Renewal of *Lis Pendens*

In addition, the Government objects to Judge Goodman's conclusion that the Government's two *lis pendens*, which were recorded against the Real Property *before* the Government moved to forfeit it as a substitute asset, were unauthorized. Because the *lis pendens* and renewal of *lis pendens* were authorized by Florida law, the Government argues, they should have been considered in determining whether the Petitioner can properly state a claim under either § 853(n)(6)(A) or § 853(n)(6)(B). Upon a thorough review of the relevant statutory authorities and case law, however, the Court adopts Judge Goodman's determination.

As the Government acknowledges, the requirements for filing a notice of *lis pendens* under Florida law are found in Florida Statute § 48.23 and the cases interpreting that statute. In its objections, however, the Government places undue weight on only some of the principles stated in those cases, while completely ignoring others. The Government principally relies on statements in the case law to the effect that a "lis pendens cannot be dissolved if . . . the proponent can establish a *fair nexus* between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit." *See Chiusolo v. Kennedy*, 614 So. 2d 491, 492 (Fla. 1993) (emphasis added). But it does so while ignoring equally authoritative statements that establish that the fair nexus must be concrete when the *lis pendens* is entered. Thus, Florida courts have explained that "[a] complaint which will not support a claim *against the specific property at issue* cannot provide a basis for tying it up by a filing of notice of lis pendens." *Blue Star Palms, LLC v. LED Tr., LLC*, 128 So. 3d 36, 38 (Fla. 3d DCA 2012) (quoting *Lake Placid Holding Co. v. Paparone*, 414 So. 2d 564, 566 (Fla. 2d DCA 1982)) (emphasis added); *see also Beefy King Int'l Co. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir. 1972) ("Under the Florida cases a lis pendens is proper only when the required relief might specifically affect the property in question."). And, from this, comes the related rule that "[w]hen the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is not authorized." *Sheehan v. Reinhardt*, 988 So. 2d 1289, 1291 (Fla. 2d DCA 2008) (quoting *DeGuzman v. Balsini*, 930 So. 2d 752, 755 (Fla. 5th DCA 2006)).

It is undisputed that the Real Property did not specifically become relevant to this case until August 5, 2022, when the Government filed its motion for a second preliminary judgment of forfeiture, seeking to forfeit the Real Property as

a substitute asset. (*See* ECF No. 415.) Moreover, the Government's purpose in seeking forfeiture of the Real Property, as recognized in the Court's subsequent preliminary order of forfeiture, was to satisfy the $1,687,988.09 that remained outstanding on the forfeiture money judgment previously entered against the Defendant. (*See* ECF No. 416.) Since any one of the Defendant's purported properties could have served for this purpose, the Government cannot convincingly argue that it had established a sufficient connection against the Real Property at issue before filing its motion for a second preliminary judgment of forfeiture on August 5, 2022. And, because the *lis pendens* and renewal of *lis pendens* we entered by the Government on September 13, 2018, and December 15, 2021, respectively, they were entered before the requisite fair nexus had been established and, thus, were unauthorized.

     The Government essentially argues that, as long as it is referenced in materials such as the indictment or in a plea agreement, all property which is potentially subject to forfeiture pursuant to the substitute property provision in 21 U.S.C. § 853(p) has a sufficient connection to the underlying suit to meet the fair nexus requirement imposed by Florida law. But this interpretation in effect eliminates § 853's stark distinction between property initially subject to criminal forfeiture and that only subject to forfeiture as substitute property. Moreover, the Court notes that it is an interpretation which has been rejected by almost all courts that have had an opportunity to address the issue in relation to their states' laws, with some easily distinguishable exceptions. *See, e.g.*, *United States v. Jarvis*, 499 F.3d 1196, 1205 (10th Cir. 2007) ("The United States cannot convert § 853(p) substitute property to § 853(a) forfeitable property merely by identifying the former in the indictment. There is, therefore, no reason the usual prohibition on using a *lis pendens* in anticipation of a money judgment would not apply in this situation."); *United States v. Boyer*, 58 F. Supp. 3d 173, 177 (D. Mass. 2014) ("While the government may eventually seek to forfeit the [substitute property] if [the defendant] is convicted and it is unable to obtain property that is directly traceable to the crime, the government's potential claim against the [substitute property] is not, in any meaningful sense, the subject matter of this criminal action."); *United States v. Queri*, 679 F. Supp. 2d 295, 297 (N.D.N.Y. 2010) (mere expectation that the Government would establish its right to forfeit substitute property was insufficient to permit an anticipatory notice of *lis pendens* on said property).

     If the Government were to argue, on the other hand, that the Real Property, rather than substitute property, is instead property initially subject to criminal forfeiture pursuant to 21 U.S.C. § 853(a) because it is sufficiently connected to the Defendant's underlying crime, the Court's determination of whether its notices of *lis pendens* were authorized under the law would likely be

different. Of course, the Government would have to support such an argument with adequate facts and evidence, which may only be available in unique circumstances, such as when it has a cooperating defendant. Here, however, the Government has only argued that its notices of *lis pendens* were entered pursuant to the substitute property provision in 21 U.S.C. § 853(p), and, as such, the Court affirms Judge Goodman's conclusion that such notices were unauthorized at the time they were filed.

### C. Claim for Constructive Trust

Finally, the Government argues that Judge Goodman erred in declining to dismiss the Petitioner's constructive trust claim as improperly plead. On this point, the Court agrees with the Government.

Judge Goodman and the Government concur that, to be entitled to the imposition of constructive trust under Florida law, a claimant must allege, and ultimately prove, that there existed "(1) a promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship and (4) unjust enrichment." *See Provence v. Palm Beach Taverns*, 676 So. 2d 1022, 1025 (Fla. 4th DCA 1996). Here, however, the Petitioners' allegations pertaining to the constructive trust are limited to a single sentence, namely that the "Property Investment 7722 LLC and Brandon Falcon assert a constructive trust interest in the dwelling as they have maintained and improved the property and made significant contributions to its maintenance and preservation." (*See* Pet. ¶ 2, ECF No. 419.) This sentence does not even attempt to allege all the elements for imposition of a constructive trust. And, while the Court agrees with Judge Goodman that a hearing may ultimately be necessary to determine whether the imposition of a constructive trust is merited in this case, the possibility of having a hearing does not excuse the Petitioners from having to sufficiently set forth the facts underlying their claim at the outset.

The Court thus sustains the Government's objection that the Petitioners failed to properly plead a constructive trust, and dismisses this claim, without prejudice and with leave to amend.

### 4. Conclusion

Accordingly, for the reasons set forth above, the Court **adopts in part and declines to adopt in part** Judge Goodman's report and recommendations (**R&R, ECF No. 438**), thus **granting in part and denying in part** the Government's motion to dismiss (**Mot., ECF No. 426**). The Petitioners' petition for third-party interest in forfeited property is **dismissed**, **without prejudice**, as to Falcon for lack of Article III standing and with respect to their claim for constructive trust

as inadequately pled. The Petitioners may refile their Petition if they can, in good faith, amend the deficiencies identified in Judge Goodman's report and herein by **November 6, 2023**. Once the Petitioners have filed their amended Petition, if the government seeks dismissal again, the Court will reconsider whether an evidentiary or ancillary hearing should be held.

    **Done and Ordered** in Chambers at Miami, Florida, on October 26, 2023.

Robert N. Scola, Jr.
United States District Judge