UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20631-RNS

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**OSMANY RODRIGUEZ DIAZ**,

    Defendant.
_____/

**PROPERTY INVESTMENT 7722 LLC,**

and

**BRANDON FALCON,**

    Claimants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART
### *ORE TENUS* MOTION TO RECUSE, OR IN THE ALTERNATIVE,
### MOTION TO WITHDRAW AS COUNSEL FOR CLAIMANTS

THIS CAUSE is before the Court upon Claimants' *Ore Tenus* Motion to Recuse, or in the alternative, Motion to Withdraw as Counsel ("Motion"), [ECF Nos. 475, 477]. Having reviewed the record and being fully advised in the premises, the Motion is hereby granted in part and denied in part.

### RELEVANT BACKGROUND

On November 13, 2024, the Honorable Robert N. Scola referred to the Undersigned the Third-Party Petition on Motion of Forfeiture of Property [ECF No.

419], Brandon Falcon's Amended Petition for Third-Party Interest in Forfeited Property [ECF No. 444], as well as the Government's Response in Opposition and Motion for Summary Judgment [ECF No. 455]. *See* Order Withdrawing Reference and Re-referring Motions to Magistrate Judge [ECF No. 469]. On June 4, 2025, the Undersigned scheduled a forfeiture hearing to occur on June 24, 2025 at 10:00 a.m. (the "June 24, 2025 Hearing") [ECF No. 473]. Claimants' counsel and counsel for the Government appeared for the June 24, 2025 Hearing. The Claimants themselves did not attend.

At the beginning of the June 24, 2025 Hearing, Claimants' counsel asserted there is a basis for the Undersigned to recuse and made an oral motion to recuse the Undersigned, or in the alternative, for Claimants' counsel to withdraw from representation.

## LEGAL STANDARD

### A. Recusal

A recusal may be obtained pursuant to 28 U.S.C. §§ 144 or 455.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. §§ 144.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Inherent in § 455(a)'s requirement that a judge disqualify himself if his impartiality might reasonably be questioned is the principle that our system of 'justice must satisfy the appearance of justice.'" *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1523 (11th Cir. 1988) (citing *Offutt v. United States*, 348 U.S. 11, 14 (1954)); *see also Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988) ("The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."). "The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker*, 855 F.2d at 1524. Any doubts must be resolved in favor of recusal. *See United States v. Kelly*, 888 F.2d 732, 744 (11th Cir.1989).

### B. Withdrawal

Pursuant to this Court's local rules,

> Except as provided by subpart (B) herein, no attorney shall withdraw the attorney's appearance in any action or proceeding except by leave of Court *after notice served on the attorney's client and opposing counsel*. A motion to withdraw shall include a current mailing address for the attorney's client or the client's new or remaining counsel.

S.D. Fl. L.R. 11.1(d)(3) (emphasis supplied).

## ANALYSIS

### A. Recusal

Claimants' counsel presumably moves for the undersign to recuse pursuant to 28 U.S.C. § 144. If so, however, the motion is procedurally deficient insofar as it does

not comply with the plain dictates of the statute. Moreover, the Motion is untimely. "Of course, the requirement of § 144 that a motion and affidavit 'be filed not less than ten days before the beginning of the term at which the proceeding is to be heard' is no longer applicable due to the abolition of set terms of court. However, the provision has been interpreted to mean that disqualification must be sought promptly upon first learning of the alleged facts giving rise to the claim of judicial bias." *Walton v. Neptune Tech. Grp., Inc.,* No. 2:08-CV-0005-MEF, 2009 WL 1010879, at *3 (M.D. Ala. Apr. 15, 2009) (*citing Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992), *cert. denied*, 507 U.S. 940, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993)).

Even if proceeding under § 455, the Motion remains untimely. "A motion for recusal based upon the appearance of partiality must be timely made when the facts upon which it relies are known. The untimeliness of such a motion is itself a basis upon which to deny it." *Walton*, 2009 WL 1010879, at *4 (citing *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1472 (11th Cir. 1986)).

Here, Claimants' counsel knew of the alleged basis for recusal since before the matter was referred to the Undersigned in November 2024. Claimants' counsel further knew on June 4, 2025 when the Hearing was set that the alleged issue would not be resolved prior to the Hearing taking place on June 24, 2025. Claimants' counsel also knew prior to the day of the June 24, 2025 Hearing that he would not be able to obtain a waiver from his client.[1] Nevertheless, Claimants' counsel said nothing, filed

---

[1] "Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C. § 455(e).

4

nothing, and waited to raise this issue – orally – until the moment the Undersigned asked Claimants' counsel to proceed with his argument on the Petition and Amended Petition for Third-Party Interest in Forfeited Property. *See Walton*, 2009 WL 1010879 (denying an attorney's request to recuse as untimely when she waited more than a year before making her request although being aware of most of the facts on which the request for recusal was made prior to the filing of the client's lawsuit, and where two different scheduling orders had been entered, as well as a ruling upon a request for extension of the trial).

However, because the "principle that our system of 'justice must satisfy the appearance of justice,'" *Parker*, 855 F.2d at 1523, is a principle that is not bound by deadlines, the Undersigned considers whether a § 455(a) recusal is nevertheless appropriate. For the reasons stated in open court at the June 24, 2025 Hearing, the Undersigned will recuse.

### B. Withdrawal

Claimants' counsel sought the alternative relief of a withdrawal from the continued representation of the Claimants in this matter. During Claimants' counsel's presentation at the June 24, 2025 Hearing, he stated that he has not spoken to his client in quite some time. Although Claimants' counsel noted that he has made it known that he would like to withdraw, Claimants' counsel did not proffer that he ever provided notice of withdrawal to his clients (who were not present at the Hearing), and counsel for the Government was unaware as well. Because the directives of Local Rule 11.1(d)(3) were not followed, the motion to withdraw is

5

denied.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Claimants' *Ore Tenus* Motion to Recuse, or in the alternative, Motion to Withdraw as Counsel is **GRANTED in part and DENIED in part**. The Motion to Recuse pursuant to 28 U.S.C. §§ 144 is **denied**. The Motion to Withdraw is **denied**. The Undersigned will recuse pursuant to 28 U.S.C. § 455(a).

The Clerk of Court is **DIRECTED** to reassign this case pursuant to S.D. Fla. IOP 2.07.00.

**DONE and ORDERED** in Chambers in Miami, Florida on this 25th day of June, 2025.

_____
**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record