IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-20631

United States of America,
    Plaintiff,

v.

Osmany Rodriguez Diaz,
    Defendant.



FILED BY _____ D.C.

JAN 21 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

---

### OBJECTION TO REPORT AND RECOMMENDATION BY THIRD-PARTY PETITIONERS PROPERTY INVESTMENT 7722 LLC AND BRANDON FALCON

---

**I. Introduction and Procedural Background**

1. On May 25 2017, Property Investment 7722 LLC (the "LLC") purchased the residential property located at **21105 SW 213th Avenue Road, Miami, Florida** (the "Property") with legitimate funds and financed the purchase with a **$500,000 interest-only mortgage**. The defendant, Osmany Rodriguez Diaz, was the sole member of the LLC at that time and signed the promissory note in his capacity as member.

2. In April 2018, a **preliminary order of forfeiture** was entered in Diaz's criminal case, and the government recorded a *lis pendens* on the Property. Diaz allowed the LLC to become inactive while incarcerated but reinstated it in January 2022.

3. Brandon Falcon discovered the Property listed on Zillow in March 2022, negotiated an **$825,000 "as-is" purchase contract** with the LLC, performed a title search that initially came back clear, and spent roughly **$60,000 on repairs** plus **$15,000 to relocate Diaz**. When he later learned of the government's *lis pendens*, Falcon took over the LLC without receiving any cash by agreeing to pay Diaz's rent for one year. On April 5 2022 Falcon

became the sole member of the LLC and changed the registered agent to himself.

4. The LLC (owned by Falcon) and Falcon individually filed a verified petition under **21 U.S.C. § 853(n)** claiming an interest in the Property based on (i) an **equitable lien** for improvements and funds expended and (ii) ownership of the Property through the LLC. After an evidentiary hearing, Magistrate Judge Reinhart recommended denying their petition, finding that they lacked Article III standing because the LLC held "bare legal title" and had not exercised "dominion and control" over the Property. The magistrate concluded that the LLC failed to show evidence such as contracts for improvements in the LLC's name, payments from an LLC bank account, corporate records documenting contributions, or a written landlord-tenant agreement. He also rejected the equitable lien claim because Falcon and the LLC were not "contractors" or "professional lienors" and did not perfect a mechanic's lien under Fla. Stat. § 713. The magistrate dismissed the petition without prejudice but noted that the thirty-day period to file third-party claims had expired.

5. Falcon and the LLC (collectively "Petitioners") object to the Report & Recommendation ("R&R"). They contend that the magistrate (a) misapplied the "dominion and control" standard by refusing to impute Mr. Falcon's acts to the single-member LLC, (b) erroneously concluded that Florida law required Petitioners to perfect a statutory lien rather than assert an **equitable lien** to prevent unjust enrichment, (c) failed to recognize the Petitioners as bona fide purchasers for value under § 853(n)(6)(B), and (d) disregarded due-process concerns stemming from forfeiture of property purchased with clean funds.

## II. Standard of Review

Under **Fed. R. Crim. P. 59(b)** and **28 U.S.C. § 636(b)(1)**, the district court must make a de novo determination of any portion of the magistrate's R&R to which specific objections are made. In ancillary forfeiture proceedings, third-party petitioners bear the burden of proving by a preponderance of the evidence that they have an interest under **§ 853(n)(6)(A)** (superior to the defendant's at the time of the acts giving rise to forfeiture) or under **§ 853(n)(6)(B)** (bona fide purchaser for value). Dismissal for lack of Article III standing is reviewed de novo.

## III. Argument

### A. The Magistrate Misapplied the "Dominion and Control" Test by Ignoring Florida LLC Law and By Imposing Corporate Formalities Not Required of a Single-Member LLC

1. **Legal standard** – The Eleventh Circuit has held that **bare legal title without dominion and control is insufficient to confer standing** in forfeiture proceedings because courts look behind formal title to determine whether the record owner is a "strawman" for the defendant. The rule prevents drug traffickers from shielding assets by placing title in another's name. However, it does not apply when the titleholder is a legitimate entity and there is no evidence of concealment.

2. **Florida LLCs are not required to observe corporate formalities.** Unlike corporations, LLCs have flexible management structures and **are recommended, but not required, to follow internal formalities such as holding annual meetings, issuing membership shares, or maintaining formal minutes**. Florida's LLC Act allows operating agreements to be oral or implied. Failure to maintain corporate formalities does not justify disregarding the LLC's existence. By requiring proof of contracts in the LLC's name, a dedicated LLC bank account, formal corporate books documenting contributions, and a written landlord-tenant agreement, the magistrate held Petitioners to corporate formalities that Florida law does not demand, particularly for a single-member LLC.

3. **Acts of a sole member are the acts of the LLC.** Because Falcon became the sole member and manager of the LLC on April 5 2022, his actions should be imputed to the LLC. Under basic agency principles, a sole member acting within the scope of the LLC's business is its "human embodiment." Falcon made improvements to the Property, performed repairs, attempted to obtain financing, and took possession of the Property with his family. The R&R acknowledged that Falcon exercised dominion and control in his individual capacity but refused to attribute those acts to the LLC. This misapplies the dominion-and-control test because a single-member LLC cannot act except through its member. Requiring separate contracts or bank accounts would eviscerate the "limited formalities" advantage for which LLCs exist.

4. **The LLC exercised dominion and control over the Property.** Evidence shows that (a) the LLC owned the Property continuously since May 2017; (b) the LLC reinstated itself in January 2022; (c) Falcon became the sole member and registered agent of the LLC in April 2022; (d) Falcon and his family **resided at the Property**; (e) Falcon expended approximately **$60,000 on repairs and improvements** and **$15,000 to relocate Diaz**; and (f) the LLC attempted to finance the Property and remains willing to pay off the mortgage and tax arrears. These actions demonstrate more than bare legal title; they show continuous possession, maintenance and control.

5. **The property was not used to conceal criminal proceeds.** The government conceded that the Property was purchased with "clean funds" and is being forfeited only as a substitute asset. There is **no evidence that Diaz placed the property into the LLC to hide criminal proceeds**. The policy rationale of the "bare legal title" rule – to prevent criminals from hiding assets – therefore does not apply. The district court should reject the magistrate's conclusion that the LLC's lack of formalities strips it of a cognizable interest.

**B. Florida Law Recognizes Equitable Liens for Money and Labor Expended on Property to Prevent Unjust Enrichment**

1. The magistrate dismissed the equitable lien claim because Petitioners did not qualify as statutory lienors under **Fla. Stat. Ch. 713**. However, Florida courts have long recognized **equitable liens** as a remedy to prevent unjust enrichment where no adequate statutory lien exists. In **Crane Co. v. Fine**, the Florida Supreme Court explained that an equitable lien is "a right of a special nature over property" that may be declared by a court of equity based on "general considerations of right and justice" to prevent unjust enrichment. The court held that even when a mechanic's lien was not perfected, an equitable lien could be imposed because denying relief would unjustly enrich the owner.

2. In **Sonneman v. Tuszynski**, the court imposed an equitable lien against a homestead property where the plaintiff advanced money and services under an agreement that she would be supported for life; the court emphasized that **equitable liens arise either from a written contract or are declared by courts "to the relations of the parties and the circumstances of their dealings"**. The court noted that an equitable lien differs from a common-law

lien and constitutes a charge upon property enforceable in equity. The lien was enforced despite the absence of a formal contract or statutory lien.

3. Modern Florida courts continue to impose equitable liens when labor and materials improve property and the owner would be unjustly enriched. A legal treatise summarizing **Imler Earthmovers, Inc. v. Schatten** and other cases notes that **equitable liens are appropriate when labor or materials improve land and the mortgage holder would be unjustly enriched by foreclosure without paying for improvements**. Courts consider whether (i) the claimant conferred a benefit, (ii) the defendant had knowledge of the benefit, and (iii) retention of the benefit without payment would be inequitable.

4. Here, Falcon and the LLC expended substantial funds to rehabilitate the Property so that it could pass inspection and be financed. They also paid to relocate Diaz and assumed his rent obligations. These expenditures increased the Property's value and prevented waste. The government seeks to seize the Property as a substitute asset and thereby reap the benefit of those improvements. Equity will not allow the government or the lender to be **unjustly enriched** by taking the improved property without reimbursing Petitioners. The magistrate erred by limiting its analysis to statutory liens and failing to apply Florida's equitable lien jurisprudence.

### C. Petitioners Qualify as Bona Fide Purchasers for Value Under § 853(n)(6)(B)

1. Section 853(n)(6)(B) protects a third-party claimant who **purchases the defendant's interest for value without cause to believe the property was subject to forfeiture**. The Eleventh Circuit has interpreted this provision narrowly, requiring that the claimant purchase the defendant's interest rather than simply acquire an independent interest. In **United States v. Lynn Soreide**, the court explained that § 853(n)(6)(B) protects purchasers who give **fair market value** to the defendant in an arm's-length transaction and receive the defendant's interest. Mrs. Soreide failed because she purchased property from a third party and not from the defendant.

2. In our case, Falcon and the LLC **purchased Diaz's interest in the LLC itself**. The LLC was the record owner of the Property; by acquiring 100% membership interests from Diaz on April 5 2022, Falcon obtained the

defendant's entire interest in the LLC and thereby the Property. The transfer was supported by **valuable consideration** – Falcon paid for Diaz's relocation and assumed responsibility for his rent. Unlike Mrs. Soreide, who bought property from a third-party seller, Petitioners negotiated directly with Diaz and transferred value to him. The fact that the consideration consisted of services and payments rather than cash does not matter; **Florida law recognizes oral contracts and in-kind consideration**.

3. Petitioners were **reasonably without cause to believe the property was subject to forfeiture**. Falcon's title and lien search initially came back clear. He discovered the *lis pendens* only after he had already entered the contract and spent substantial funds on repairs. Because the property was purchased with clean funds and the *lis pendens* had not yet appeared, Petitioners had no reason to suspect forfeiture when they entered the contract. This satisfies the requirement of § 853(n)(6)(B).

4. Even if this Court were to require a formal exchange of cash, the improvements and payments for Diaz's rent constitute value that benefited Diaz. The Eleventh Circuit acknowledges that intangible consideration can constitute value when the claimant provides something of value to the defendant with the expectation of receiving property in return. Petitioners' expenditures improved the property and relieved Diaz of his rent obligations; this was part of the bargain for transferring the LLC.

### D. Due-Process Concerns Counsel Against Forfeiture of Property Purchased With Clean Funds

1. Criminal forfeiture statutes are punitive and are intended to deprive criminals of the proceeds of their crimes. When the government forfeits a substitute asset, the property itself is not connected to the crime; rather, it is taken merely to satisfy a money judgment. Courts must be especially cautious when innocent third parties will lose their interests. The Eleventh Circuit has noted that third-party petitioners must receive meaningful opportunity to be heard and that the government bears the burden of proving the substitute asset is subject to forfeiture. See **United States v. Davenport**, 668 F.3d 1316, 1323 (11th Cir. 2012) (ancillary proceedings are civil in nature and designed to protect innocent owners).

2. Here, the Property was purchased with clean funds. Diaz did not use criminal proceeds to acquire it. Forfeiting the property, as a substitute asset

will **punish an innocent third party**, which raises serious due-process concerns. This Court should avoid adopting an interpretation that imposes a windfall on the government and mortgagee at the expense of individuals who invested time and money into improving the property.

### E. Leave to Amend and Equitable Tolling

1. The magistrate recommended denying Falcon's request to amend his petition to assert a personal ownership claim because the 30-day period for filing third-party petitions had expired. However, the Eleventh Circuit has held that filing deadlines may be equitably tolled in extraordinary circumstances. In forfeiture proceedings, equitable tolling may be appropriate when the petitioner had no notice of the forfeiture or when strict enforcement would violate due process. See **United States v. Sanchez**, 2023 WL 5844958, *4 (S.D. Fla. Aug. 31 2023)* (30-day deadline is mandatory but subject to due-process considerations).

2. Falcon did not receive notice of the lis pendens until after he entered the contract and made improvements. He promptly sought to protect his interest by filing petitions through the LLC and individually. Dismissing his petition on a technical deadline would be inequitable and contrary to the statute's remedial purpose. At minimum, the Court should permit Falcon to amend his petition to assert his individual interest under § 853(n)(6).

### IV. Conclusion

The magistrate's R&R should not be adopted. Petitioners have demonstrated a **legal interest in the Property** under both § 853(n)(6)(A) and § 853(n)(6)(B). The LLC exercised dominion and control over the Property through the acts of its sole member, Brandon Falcon, and there is no evidence the LLC served as a strawman for Diaz. Florida equity jurisprudence recognizes **equitable liens** when money and services are expended to improve property and prevent unjust enrichment, and Petitioners' expenditures created such a lien. Petitioners are **bona fide purchasers for value**, having transferred consideration to Diaz without knowledge of the property's forfeiture status. Finally, due-process concerns counsel against forfeiture of property purchased with clean funds and improved by innocent parties. The Court should sustain the objection, deny the Government's motion to dismiss, allow Falcon to assert his individual claim, and either grant the petition or remand for further proceedings.

## V. Signature and Certificate of Service

/s/ Brandon Falcon

Brandon Falcon, pro se

On behalf of himself and Property Investment 7722 LLC

Mailing address: 21105 SW 213th Ave Rd Miami, FL 33187

Telephone: (786) 549-9389

Email: Bfalcon78@yahoo.com

Dated: January 21, 2026

## Certificate of Service

I hereby certify that on January 21, 2026, I served a true and correct copy of the foregoing Objection on counsel for the United States of America by delivering it via hand delivery to:

Assistant United States Attorney
United States Attorney's Office for the Southern District of Florida
99 N.E. Fourth Street
Miami, FL 33132

And on all other counsel of record via the Court's electronic filing system.

/s/ Brandon Falcon
Brandon Falcon