UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20631-CR-BECERRA/REINHART

UNITED STATES OF AMERICA,

vs.

OSMANY RODRIGUEZ DIAZ,

    **Defendant.**
_____/

PROPERTY INVESTMENT 7722 LLC,

and

BRANDON FALCON,

    **Claimants.**
_____/

**MOTION TO STRIKE *PRO SE* OBJECTIONS [ECF NO. 495]
TO REPORT AND RECOMMENDATIONS**

Under Southern District of Florida Local Rule 11.1(d) and the Court's inherent authority, the United States of America moves to strike the objections to the report and recommendation filed by claimant "Brandon Falcon, pro se [o]n behalf of himself and Property Investment 7722 LLC." ECF No. 495 at 8. Claimants are represented by an attorney, and corporate entities cannot appear in a case except through counsel.

Except under a limited exception not applicable here, Local Rule 11.1(d) prohibits represented parties from filing documents *pro se*:

> Whenever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any step therein, unless an order of substitution shall first have been made by the Court, after notice to the attorney of such party, and to the opposite party provided, that the Court may in its discretion hear a party in open court, notwithstanding the fact that the party has appeared or is represented by an attorney.

S.D. Fla. L.R. 11.1(d); *see United States v. Camilo*, 686 F. App'x 645, 646 (11th Cir. 2017)

(holding that under Local Rule 11.1(d), "the district court did not abuse its discretion by striking [defendant's] pro se filings from the record" where he "was represented by counsel at all times relevant to the filings"). Here, Claimants are represented by attorney Richard Carroll Klugh, Jr., who has not moved to withdraw.

Also, "[i]t is well established . . . that a business organization cannot appear *pro se* and must be represented by counsel, not merely by a stockholder or officer." *S.E.C. v. Merch. Cap., LLC*, 486 F. App'x 93, 94 n.1 (11th Cir. 2012) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.")). Falcon is not an attorney, so he cannot file documents on the company's behalf. The Court can strike the filing under its "inherent authority to manage its own docket." *Pinkston v. Univ. of S. Fla. Bd. of Trs.*, 752 F. App'x 756, 758 (11th Cir. 2018).

**WHEREFORE**, Plaintiff, the United States of America, respectfully requests that the Court strike the *pro se* objections to the report and recommendation [ECF No. 495], and order any other relief that this Court may deem just, necessary, and proper.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:   *s/ Jorge R. Delgado*
      Jorge R. Delgado
      Assistant United States Attorney
      Florida Bar No. 084118
      U.S. Attorney's Office
      500 E. Broward Blvd., Suite 700
      Fort Lauderdale, FL 33394
      Telephone: (954) 660-5954
      E-mail: jorge.delgado2@usdoj.gov

## LOCAL RULE 88.9 CERTIFICATION

The Government conferred with counsel for Claimants, Richard Carroll Klugh, Jr., via email on January 21, 2026, asking if he would withdraw the *pro se* objections or object to a motion to strike. In response, counsel requested a 14-day extension of time to file objections, but he has not confirmed whether the *pro se* filing will be voluntarily withdrawn or whether he objects to the Government's motion. To minimize delay, the Government now moves to strike and does not oppose a 14-day extension of time to file proper objections.

*s/ Jorge R. Delgado*
Jorge R. Delgado
Assistant United States Attorney
