UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20631-CR-BECERRA/REINHART

UNITED STATES OF AMERICA,

vs.

OSMANY RODRIGUEZ DIAZ,

    Defendant.
_____/

PROPERTY INVESTMENT 7722 LLC,

and

BRANDON FALCON,

    Claimants.
_____/

**UNITED STATES' RESPONSE TO CLAIMANTS' OBJECTIONS [ECF NO. 499]
TO REPORT AND RECOMMENDATION [ECF NO. 494]**

The United States of America responds to the objections [ECF No. 499] filed by Claimants Brandon Falcon and Property Investment 7722, LLC (the "LLC") to the Magistrate Judge's Report and Recommendation [ECF No. 494], as follows.

**INTRODUCTION**

These ancillary proceedings followed the criminal forfeiture of a home located at 21105 SW 213 Avenue Road, Miami, FL 33187 (the "Property"), in the name of a single-purpose LLC. Defendant Osmany Rodriguez Diaz once owned the LLC, which he later transferred to Falcon. The LLC claims that it has a superior interest to the Property under 21 U.S.C. § 853(n)(6)(A) or that it was a bona fide purchaser under § 853(n)(6)(B). And the LLC and Falcon assert alternative claims premised on an unperfected equitable construction or

mechanics' lien for alleged improvements to the home.

The Magistrate Judge is correct in recommending that the Court reject all claims. First, the Magistrate Judge correctly concluded that the Claimants' alleged equitable lien, which they never perfected, does not give them an interest in the Property. It is black letter law that unsecured or general creditors cannot be considered bona fide purchasers for value within the meaning of § 853(n)(6)(B).

Second, the Magistrate Judge correctly found that the LLC failed to meet its burden of proving standing to challenge the forfeiture of the Property. The LLC presented no evidence at the evidentiary hearing that it exercised dominion and control over the Property. In fact, Falcon, the LLC's sole owner, did not attend the hearing. Consequently, the LLC lacked constitutional standing and statutory standing to challenge forfeiture.

Third, the Magistrate Judge is justified in recommending that leave to amend should be denied as untimely and improper. Falcon was granted leave to assert an individual claim more than two years ago but chose not to do so. And the 30-day window to file claims under 21 U.S.C. §853(n)(2) has long since expired. This case must come to an end.

## BACKGROUND

**I.     Course of Proceedings and Dispositions in the Court Below**

In 2018, Defendant pleaded guilty to conspiracy to commit healthcare fraud and wire fraud. [ECF Nos. 119–21]. In his plea agreement, Defendant agreed to a forfeiture money judgment of $1,728,508, among other provisions. [ECF No. 119 ¶ 8]. This Court entered a preliminary order of forfeiture establishing that amount [ECF No. 171] and a second order forfeiting the Property as a substitute asset under 21 U.S.C. § 853(p) [ECF No. 416].

In November 2022, Claimants filed a third-party petition, asserting claims under both

21 U.S.C. § 853(n)(6)(A) and (B). [ECF No. 419]. Claimants alleged that the LLC was the Property's titleholder, and that Falcon was the LLC's sole owner. [*Id.*]. Alternatively, Claimants said they were entitled to a constructive trust for improvements they had allegedly made to the Property. *Id.*

The Court dismissed the petition with leave to amend. *United States v. Diaz ("Diaz I")*, No. 17-20631-CR, 2023 WL 7483299, at *1 (S.D. Fla. Sept. 20, 2023), *report and recommendation adopted in part, rejected in part*, *United States v. Diaz ("Diaz II")*, No. 17-20631-CR, 2023 WL 7036721 (S.D. Fla. Oct. 26, 2023). The Court dismissed Falcon's individual claims because they were premised "on his status as sole member of the LLC" and "members of an LLC (like Falcon) lack standing to contest the forfeiture of assets purportedly owned by the LLC." *Diaz I*, 2023 WL 7483299, at **6–7. But the Court granted Falcon leave to allege a possessory interest in the Property. *Id.* at *7. The Court also dismissed the constructive trust claim without prejudice. *Diaz II*, 2023 WL 7036721, at *4.

In November 2023, Claimants filed an amended petition. [ECF No. 444]. It asserts § 853(n)(6) claims only on the LLC's behalf, not Falcon's. [*Id.*]. In a footnote, Falcon says that if the Government challenges the LLC's standing, then he "would seek to amend the petition to assert his rights as a real person in interest with valid legal claims to the residential property." [*Id.* at 1 n.1]. Claimants also abandoned their constructive-trust claim. [*Id.*]. In its place, citing Fla. Stat. § 713.01, they assert "an equitable interest . . . in the nature of an equitable construction or mechanics lien" based on their alleged improvements on the Property. [*Id.* at 3–4].

In May 2024, the Government filed a response to the amended petition and incorporated summary judgment motion. [ECF No. 455]. In August 2025, the Magistrate

Judge denied the summary judgment motion and set an evidentiary hearing. [ECF No. 482]. In advance of that hearing, the parties stipulated to the facts set forth in "[p]aragraphs 1–24, 26–30, 32–48 of the Government's Statement of Material Facts in Support of Summary Judgment." [ECF No. 491]. The parties did not present any other evidence at the hearing [ECF No. 494 at 15], which Falcon did not attend.

In the resulting report and recommendations, the Magistrate Judge recommends that the Court dismiss the amended petition without prejudice[1] but without leave to amend and enter a Final Order of Forfeiture in the Government's favor. [ECF No. 494]. The Magistrate Judge concluded that (1) Claimants failed to establish an "equitable construction or mechanics lien on the Property"; (2) the LLC failed to show that it "exercised sufficient dominion and control" over the Property, thus lacking constitutional and statutory standing to challenge forfeiture; and (3) leave to amend should be denied as untimely and unjustified. [ECF No. 494 at 22–23, 29–30].

Claimants filed *pro se* objections to the R&R [ECF No. 495], which the Government moved to strike [ECF No. 496].[2] Claimants then filed counseled objections. [ECF No. 499].

II.     **Factual Background**

In May 2017, Defendant incorporated the LLC and acquired the Property in the LLC's name, entering into a $500,000 mortgage. [ECF No. 454 ¶¶ 1, 3, 4]. In January 2022, Defendant reinstated the LLC. [*Id.* ¶ 10]. Between the 2017 incorporation and 2022

---

[1] A dismissal based on lack of subject matter jurisdiction is without prejudice, because the dismissal does not concern the merits. *Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir. 2024).

[2] The motion to strike remains pending.

reinstatement, Defendant had filed no other LLC documents. [*Id.* ¶ 11].[3]

In March 2017, the LLC and Falcon entered into a purchase agreement for the Property for $825,000. [*Id.* ¶ 15]. But Falcon did not consummate the purchase after conducting a title search and gaining actual knowledge that the Government had filed a *lis pendens* on the Property. [*Id.* ¶¶ 16, 21, 24].[4] Falcon claimed that he had spent more than $60,000 "in repairs and clean up" to finance the Property, and $15,000 in rent for Defendant. [*Id.* ¶ 22]. But unable to purchase the Property, Falcon instead "took over ownership of the LLC that owns the property." [*Id.* ¶ 23].

On April 5, 2022, Falcon acquired the LLC from Defendant. [*Id.* ¶¶ 26, 28]. The LLC continued to own the Property, which is its sole asset. [*Id.* ¶ 32]. The LLC's only business in Florida "is the ownership of the property." [*Id.* ¶ 35]. Since April 5, 2022, Falcon filed two other documents for the LLC with the Florida Secretary of State: an annual report and a reinstatement. [*Id.* ¶¶ 36, 38]. And the LLC has not maintained a corporate office or address other than the Property. [*Id.* ¶ 34].

The LLC and Falcon have made no payments on any mortgage or lien encumbering the Property. [*Id.* ¶ 44]. Indeed, the LLC and Falcon have disclaimed responsibility for the mortgage on the Property. [*Id.* ¶ 42].[5] In October 2021, the mortgagee filed a foreclosure action

---

[3] Defendant was imprisoned until September 2021. [ECF No. 454 ¶ 9].

[4] The Government filed a *lis pendens* on the Property on September 13, 2018, and a renewal on December 15, 2021. [ECF No. 454 ¶ 7]. The *lis pendens* and renewal listed this criminal case caption and number, date of the indictment, title owner of the Property, and charged offenses, and stated that the United States may forfeit the Property as a substitute property. [*Id.* ¶ 8]. This Court found that the *lis pendens* was unauthorized for substitute assets. *Diaz II*, 2023 WL 7036721, at *4.

[5] The foreclosure action was stayed pending these forfeiture proceedings. [*Id.* at 8 n.2].

against the LLC in Florida state court, alleging that the LLC owed the entire principal balance of $500,000, plus other costs. [*Id.* ¶¶ 40–41]. In discovery responses, the LLC and Falcon stated: "Title records reflect a mortgage on the property, but I am not personally liable on such mortgage and I am unaware of the amount owed, whether it has actually been satisfied or waived, or whether it is otherwise subject to a claim for enforcement." [*Id.* ¶ 43].

The LLC and Falcon have also made no payments towards real estate taxes on the Property. [*Id.* ¶ 46]. When the government moved for summary judgment, the Property was subject to $58,809.25 in unpaid property taxes. [*Id.* ¶ 45]. Also, on July 26, 2022, and August 28, 2023, the Miami-Dade County Stormwater Utility Section recorded two Notices of Lien for Stormwater Utility Maintenance, totaling $130.14 and $84.09, plus interest. [*Id.* ¶¶ 47–48].

## STANDARD OF REVIEW

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## ARGUMENT

In their counseled objections to the R&R, Claimants argue the following: (1) The LLC's bare legal title over the Property is sufficient to confer standing on the LLC so long as the LLC has not acted in an unlawful manner; (2) they established a basis for an equitable or constructive lien; (3) The Magistrate Judge failed to address their bona fide purchaser claim under § 853(n)(6)(B); and (4) they should be allowed leave to amend their petition. [ECF No. 499]. All these objections lack merit, and therefore, the Court should affirm the findings of the R&R and deny the amended petition.

6

I. **The Magistrate Judge correctly found that Claimants failed to establish standing as an equitable construction lienholder.**

Claimants don't dispute that they cannot satisfy the statutory requirements for any secured lienholder interest against the Property. [*See* ECF No. 499 at 9–10]. Nonetheless, they still object to the Magistrate Judge's finding that they have failed to meet their burden to show that they are entitled to an equitable construction or mechanics' lien interest in the Property. [ECF No. 494 at 23]. Their objection is baseless.

All the cases on which Claimants rely are inapposite. *Crane Co. v. Fine*, 221 So. 2d 145, 148 (Fla. 1969), in which the Florida Supreme Court imposed an equitable lien even though the statutory requirements for a mechanics' or construction lien were not met, is easily distinguishable. That case involved a "contract between the defendant-owner of the land and the defendant-general contractor, as joint venturers," and a "materialman" to a "plumbing subcontractor [that] became insolvent and abandoned the plumbing job, which was then taken over and completed by the general contractor." *Id.* at 146–47. Here, the Magistrate Judge found that neither Claimant was "a contractor, subcontractor, sub-subcontractor, laborer, materialman, or professional lienor." [ECF No. 494 at 22]. And it also found no evidence that they had "contracted to improve the Property." [*Id.*]. *Crane* doesn't help Claimants.

Their reliance on *Sonneman v. Tuszyniski*, 191 So. 18, 21 (Fla. 1939) [ECF No. 499 at 10–11] fares no better. Although in that case the Florida Supreme Court imposed an equitable lien even though there was no formal contract between the plaintiff and defendant, the Court made findings that there was an agreement between the plaintiff and defendant that the plaintiff would perform domestic services in exchange for the defendant's agreement to support the plaintiff for the rest of her life. *Sonneman*, 191 So. at 19. Here, there is no such agreement. It is not even clear who the parties to such an agreement would have been. Even

in their objections, Claimants fail to clearly articulate who they claim is entitled to the equitable lien, the LLC or Falcon.

What is clear is that Claimants presented no evidence of any agreement with Defendant or the United States to make improvements on the Property. Based on the cases Claimants cite, the purpose of an equitable lien is to ensure that parties to an agreement hold up to their end of the bargain. But there was no agreement here that the Court would enforce via an equitable lien.[6]

Based on the above, the Magistrate Judge correctly found that Claimants are unable to meet their burden to establish a lien interest in the Property.

## II. The Magistrate Judge correctly found that the LLC failed to prove that it had constitutional and statutory standing.

The Magistrate Judge correctly found that the LLC did not meet its burden of proving that it had a legal interest in the Property, and, therefore, lacked constitutional standing. [ECF No. 494 at 28]. Further, because the LLC had no legal interest in the Property, it also lacked statutory standing. [*Id.*] The Magistrate Judge reasoned that the LLC failed to assert dominion and control over the Property, which would be evidenced by several factors, such as:

> (1) contracts for improvements or maintenance in the LLC's name, (2) paying for improvements (or debts, such as the mortgage or taxes) from a bank account in the LLC's name, (3) maintaining corporate books and records documenting the expenditures on the Property as loans or member contributions from Mr. Falcon, and (4) a written agreement between Mr. Falcon (as tenant) and the LLC (as landlord).

[*Id.* at 26].

Claimants object to this finding, arguing that those factors are "mere formalities" and

---

[6] It should also be noted that despite the improvements Claimants claim to have made on the Property, the record clearly shows that the Property has depreciated significantly due to Claimants' failure to pay the mortgage, property taxes, and stormwater costs.

that a failure to follow corporate formalities is not sufficient to deprive the LLC of standing. [ECF No. 499 at 3]. In support of its position, Claimants rely on *United States v. Silva*, No. 15-cr-20727, 2018 WL 5849738 (S.D. Fla. Sept. 6, 2018), *report and recommendation adopted*, No. 2018 WL 5847348 (S.D. Fla. Nov. 8, 2018). [*Id.* at 4].

The Magistrate Judge expressly considered *Silva* in its R&R and found that *Silva* was not binding and was also distinguishable, because in *Silva*, the Government attempted to pierce the corporate veil through an alter ego theory, a high burden that the Government was not able to meet in that case. [ECF No. 494 at 27].

Claimants advocate that bare legal title alone should be sufficient to confer standing so long as the LLC was not organized for an unlawful purpose. [ECF No. 499 at 3]. This was the same position petitioners advocated for in *United States v. Tardon*, 493 F. Supp. 3d 1188, 1198–99 (S.D. Fla. 2020), which the Court expressly rejected in that case. The *Tardon* Court properly found that:

> *Silva* would permit criminals to act with impunity and protect their assets and substitute assets by simply taking the administrative step of incorporating (while still maintaining dominion and control of the assets technically listed in the name of another). That one strategic step would be sufficient to establish standing and prevent further inquiry -- because corporate records would show the entity as technically separate from the convicted criminal defendant.

*Tardon*, 493 F. Supp. 3d at 1199.

It is black letter law that "possession of bare legal title by one who does not exercise dominion and control over the property is insufficient even to establish standing to challenge a forfeiture." *United States v. A Single Fam. Residence & Real Prop. Located at 900 Rio Vista Blvd., Fort Lauderdale*, 803 F.2d 625, 630 (11th Cir. 1986). Thus, "courts look behind the formal title to determine whether the record title owner is a 'strawman' set up to conceal the financial

9

affairs of illegal dealings of someone else." *United States v. Carrell*, 252 F.3d 1193, 1204 (11th Cir. 2001). This is because "straw owners and persons who might have unknowingly been in possession of property that is seized do not necessarily suffer an injury that is sufficient to demonstrate standing." *United States v. Henry*, 621 F. App'x 968, 972 (11th Cir. 2015). "Likewise, a person found to be acting as a nominee for others whose property is subject to forfeiture cannot have a vested interest in the property." *Id.*; *see also United States v. Weiss*, 467 F.3d 1300, 1303 n.1 (11th Cir. 2006) (same).

The LLC argues that the dominion-and-control test discussed above should apply only in cases "where the LLC is *impermissibly* or otherwise *improperly* holding title to property, such as to conceal the actual owner." [ECF No. 499 at 6 (emphasis in original)]. But this argument ignores the purpose of establishing standing. Claimants bear the burden of establishing standing. *United States v. Amodeo*, 916 F.3d 967, 972 (11th Cir. 2019). "To establish standing, a litigant must show (1) that he has suffered a concrete injury (2) that is fairly traceable to the challenged conduct, and (3) that is likely to be redressed by a favorable judicial decision." *United States v. Devlin*, 2022 WL 3921583, at *2 (11th Cir. Aug. 31, 2022) (cleaned up).

Here, there is no evidence that the LLC will suffer an injury if the amended petition is dismissed. As correctly found by the Magistrate Judge, the LLC has not expended funds to acquire or maintain the Property, and it will not suffer any loss of rental income if it is dispossessed of its bare legal title since there is no evidence that the LLC entered into a rental agreement with Falcon. [*See* ECF No. 494 at 25–26]. Therefore, the Magistrate Judge properly found that the LLC's petition should be dismissed for lack of standing.

Lastly, the LLC argues that any evidence of Falcon's dominion and control over the Property should be imputed to the LLC by virtue of Florida's LLC Act. [ECF No. 499 at 8].

10

The LLC contends that "[u]nder Fla. Stat. § 605.04074(1)(a), 'each member is an agent of the limited liability company for the purpose of its activities and affairs, and an act of a member. . . binds the company.'" [*Id.*]. But the LLC omits that under § 605.04074(1)(a), the acts of a member bind the LLC if done "for apparently carrying on in the ordinary course of the company's activities and affairs or activities and affairs of the kind carried on by the company. . . . § 605.04074(1)(a). There is no evidence that any of the alleged actions Falcon took regarding the Property were on behalf of the LLC.

III. **The Magistrate Judge correctly found that the LLC has no legal interest in the Property under 21 U.S.C. § 853(n)(6)(B).**

Claimants "object to the Report's failure to address the bona fide purchaser claim under 21 U.S.C. § 853(n)(6)(B), even though petitioner Falcon acquired the LLC for value and without cause to believe the Property was forfeitable at the time of contracting and initial expenditures. . . ." [ECF No. 499 at 13]. This objection is meritless for several reasons.

First, the R&R did an in-depth analysis explaining the Magistrate Judge's basis for determining that Claimants have no legal interest in the Property. [*See* ECF No. 494 at 22–27]. This analysis informed the conclusion that "because Petitioners have no legal interest in the Property, they also cannot state a claim under Section 853(n)(6)." [*Id.* at 28].

Second, because Falcon did not assert an individual claim under § 853(n)(6)(B) [*see* ECF No. 444], his purchase of the LLC is irrelevant. In any event, it is already well established that Falcon's acquisition of the LLC did not give him an interest in the LLC's Property. *See United States v. ADT Sec. Servs., Inc.*, 522 F. App'x 480, 490 (11th Cir. 2013).

Third, as the objection concedes, there was no "purchase" of the *Property* in the first place. A bona fide purchaser is someone "who has purchased *property* for value without notice of any defects in the title of the seller." *United States v. Suarez*, 716 F. App'x 937, 938 (11th Cir.

11

2018) (emphasis added). "An interest in real property cannot be conveyed other than by deed." *United States v. Barber*, 61 F. Supp. 3d, 1273, 1276 (M.D. Fla. 2014) (citing Fla. Stat. § 689.01). Here, although Defendant, through the LLC, and Falcon signed a contract for the sale of the home, the contract was not consummated after Falcon was informed of the Government's *lis pendens*. [ECF No. 454 ¶¶ 15–16].[7]

Fourth, driving the point home, neither the LLC nor Falcon made any payments toward the mortgage encumbering the Property, and they expressly disclaimed any responsibility for making such payments and any knowledge of what is owed. [*Id.* ¶¶ 42–44]. They also failed to pay property taxes and stormwater costs. [*Id.* ¶¶ 45–48]. So there is no evidence that they have acted like owners of the Property.

Fifth, the record shows that Falcon was not bona fide because he had cause to know that the Property was forfeitable. This is why Falcon did not purchase the Property itself after gaining actual notice of the Government's *lis pendens*. [ECF No. 494 at 17–18]. A bona fide purchaser is someone "who has purchased property for value without notice of any defects in the title of the seller." *United States v. Suarez*, 716 F. App'x 937, 938 (11th Cir. 2018). "Under Florida law, recorded defects that appear in the chain of title are sufficient to place a purchaser on notice of such defects." *Id.* And having gained actual notice that there was a defect in the LLC's title, Falcon cannot qualify as a bona fide purchaser.[8]

---

[7] Of course, even if the contract had gone through, the LLC would have been the *seller*, not the purchaser, so its § 853(n)(6)(B) claim is nonsensical on its face.

[8] Claimants' assertion that "[a]ncillary proceedings exist to safeguard innocent owners, and the Government bears the burden to justify forfeiture of substitute assets" [ECF No. 499 at 14], is way off base. "[T]he ancillary proceeding for third-party claimants does not involve relitigation of the forfeitability of the property, which has already been ordered in the criminal case." *United States v. Davenport*, 668 F.3d 1316, 1321 (11th Cir. 2012) (citation modified). "The ancillary proceeding is only for the purpose of determining whether any third party has

IV.     **Claimants should not be given leave to file a third amended petition.**

Finally, Claimants argue that they should be given leave to file a third amended petition in this case because of the "novel dominion-and-control recommendation." [ECF No. 499 at 13]. Claimants appear to argue that it was not on notice that Falcon needed to assert an interest in the Property because Falcon's actions regarding the Property could be imputed to the LLC. *Id.* The argument does not hold water.

The dominion-and-control test is not "novel," but a fundamental tenet of forfeiture law. *See, e.g.*, *A Single Fam. Residence*, 803 F.2d at 630.

Moreover, the Magistrate Judge properly found that "Falcon already had one chance to file an amended petition," but he "chose not to claim that he owned the Property in his individual capacity." [ECF No. 494 at 30]. "Nothing precluded Mr. Falcon from filing a petition, in his individual capacity, taking the position that he, not the LLC, owned the Property." [*Id.*].

The deadline to file a petition also expired long ago. When the "thirty day period for filing claim expires, [a] petitioner may not amend claim to assert alternative grounds of recovery." *United States v. Caro*, 2010 WL 680939, at *5 (S.D. Fla. Feb. 23, 2010). Falcon cannot assert claims piecemeal, using the Court's rulings as advisory guidance.

Finally, an eleventh-hour amendment would also be unfair at this stage of the proceedings. *See Andrx Pharms., Inc. v. Elan Corp.*, PLC, 421 F.3d 1227, 1237 (11th Cir. 2005) (holding that plaintiff's "undue delay in moving for leave to amend, its attempt to inject a new theory of recovery, and its failure to show that justice required the grant of its motion

---

a legal interest in the forfeited property." *Id.* (citation modified). And "[u]nlike the civil forfeiture statutes, the criminal forfeiture statutes contain no provision for an 'innocent owner' defense for third parties." *United States v. Soreide*, 461 F.3d 1351, 1354 (11th Cir. 2006).

13

demonstrate that the district court did not clearly abuse its discretion in denying [its] motion for leave to amend"). The Court should not exercise any equitable jurisdiction to allow Falcon leave to file an amended petition more than three years after the original petition was filed, particularly given that the Property continues to depreciate in value due to unpaid property taxes, mortgage payments, and water bills.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court overrule Claimant's objections [ECF No. 499], affirm the Magistrate Judge's R&R [ECF No. 494], deny the Amended Petition for Third-Party Interest in Forfeited Property [ECF No. 444], and enter a Final Order of Forfeiture in the Government's favor.

Respectfully submitted,
**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:  *s/ Jorge R. Delgado*
Jorge R. Delgado
Assistant United States Attorney
Florida Bar No. 084118
U.S. Attorney's Office
500 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 660-5954
E-mail: Jorge.Delgado2@usdoj.gov